# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARMAN LICCIARDELLO,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-137-Orl-28KRS**

**RENDY LOVELADY,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** AMENDED MOTION TO CONTINUE THE TIME TO RESPOND TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNTIL DISCOVERY CAN BE DONE ON THIS ISSUE (Doc. No. 28)
>
> **FILED:** April 24, 2007
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

> **MOTION:** MOTION TO DO JURISDICTIONAL DISCOVERY IN ORDER TO RESPOND TO DEFENDANT'S MOTION TO DISMISS FOR PERSONAL JURISDICTION (Doc. No. 29)
>
> **FILED:** April 24, 2007
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Plaintiff Carman Licciardello sued Defendant Rendy Lovelady for trademark infringement, deceptive trade practices and false advertising, and unauthorized use of name and likeness.  Doc. No. 1.  The complaint relates in large part to a website operated by Lovelady.  Indeed, the complaint alleges that "[t]his Court has personal jurisdiction over the Defendant because Defendant has created and posted an Internet website, in or from Tennessee, which actively solicited customers or clients, using [Licciardello's] name and likeness as an alleged endorser, and was calculated to cause injury to Plaintiff in the State of Florida."  *Id*. ¶ 4.

Lovelady moved to dismiss the complaint based on lack of personal jurisdiction.  Doc. No. 9.  In this motion, Lovelady argues that there is no basis for the Court to exercise either specific or general jurisdiction over him.  *Id*. He supported the motion with his affidavit and the Affidavit of Shane Messer.  Doc. Nos. 10-2, 10-3.  Lovelady makes specific averments about his contact with Florida.  Both Lovelady and Messer also make sworn statements about the website in question, including the extent and manner in which it was used.

Licciardello now requests leave to conduct jurisdictional discovery, and an extension of time to respond to the motion to dismiss until after the completion of jurisdictional discovery.  Lovelady responded, doc. no. 30, and the matter is ripe for review.

The United States Court of Appeals for the Eleventh Circuit and the Florida Supreme Court both authorize courts to permit parties to conduct limited discovery to resolve jurisdictional questions.  *Eaton v. Dorchestor Devel., Inc.*, 692 F.2d 727, 729-30 (11th Cir. 1982); *Gleneagle*

*Ship Mgmt. Co. v. Leondakos*, 602 So.2d 1282, 1284 (Fla. 1992).  When, as here, the defendants present evidence in support of their argument that personal jurisdiction cannot exist, the plaintiff should, in fairness, be permitted to engage in limited discovery to test these averments.

Accordingly, it is **ORDERED** that the parties may conduct discovery regarding whether the Court may exercise personal jurisdiction over Lovelady.  Jurisdictional discovery shall conclude by June 15, 2007, and all motions related to such discovery shall be filed and served before that date.  Licciardello shall then have until June 29, 2007, to file a response to the motion to dismiss. Counsel should not delay in bringing to the Court's attention issues related to the jurisdictional discovery, as it is unlikely that the time to respond to the motion to dismiss will be further extended.

**DONE** and **ORDERED** in Orlando, Florida on May 9, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties